COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


TREVON TERRELL OLDS

v.         Record No. 0225-95-1        MEMORANDUM OPINION[*] BY
                                        JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                    JANUARY 30, 1996


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   Edward W. Hanson, Jr., Judge

          John D. Hooker, Jr., for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Trevon Terrell Olds appeals from his convictions on

aggravated malicious wounding and related firearms violations.

For the reasons below, we affirm the convictions.

     On March 18, 1994, two patrons of a night club in Virginia

Beach were injured by a man who ran into the club, fired a

pistol, and ran out.  One week later Olds was arrested and

charged with malicious wounding of one person, aggravated

malicious wounding of the other, possession of a handgun by a

convicted felon, use of a firearm in the commission of a felony,

and discharge of a firearm within an occupied building.

     The Commonwealth presented compelling evidence against Olds

at his jury trial.  Multiple witnesses placed Olds at the scene.

Another witness testified that Olds' description was consistent

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

with the man he saw with the gun. Finally, one witness testified that she saw the entire incident; that she had a clear view of the defendant and actually saw him fire the gun. Her description matched that of Olds' that night and she later selected him out of a six-man photo spread. Although the defense attempted to impeach the credibility of this eyewitness, the jury convicted Olds of all but the first malicious wounding charge.

The Commonwealth also introduced the testimony of two witnesses who said that they heard an unidentified person say "No, Trevon, no," and "Trevon, give me the gun, Trey." The declarant or declarants were not identified and the context of the statements was not certain.

Olds assigns error to the admission of these hearsay statements at trial. Assuming, without holding, that the statements were improperly admitted, we find that any such error is harmless.

"Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicial declaration is clearly established by other competent evidence." Schindel v. Commonwealth, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979). The hearsay statements in this case were offered to prove that the gunman was Olds. This fact was substantiated by the testimony of several other witnesses, including one who testified that she had a clear view and positively identified Olds as the perpetrator. When improper

evidence is offered to establish a fact overwhelmingly established by other competent evidence, the improper admission of that evidence constitutes harmless error.  Hall v. Commonwealth, 12 Va. App. 198, 216, 403 S.E.2d 362, 373 (1991); Williams v. Commonwealth, 4 Va. App. 53, 74, 354 S.E.2d 79, 91 (1987).

The evidence at trial clearly established the identity of the perpetrator as Olds.  The admission of the statements of the unknown declarants did not affect the verdict.  The convictions are affirmed.

Affirmed.